St. Onge IP
St. Onge Steward Johnston & Reens LLC
986 Bedford Street        +1 203 324-6155 T
Stamford, Connecticut     +1 203 327-1096 F
06905-5619                ssjr.com

September 1, 2020

**VIA ECF**

Honorable John G. Koeltl U.S.D.J.
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Conference is scheduled for **September 23, 2020 at 2:30 P.M.**
>
> **SO ORDERED.**
>
> New York, NY          /s/ John G. Koeltl
> September 3, 2020     John G. Koeltl, U.S.D.J.

Re:   *PDK Commercial Photographers, Ltd. v. GRI American European LLC*
      Case No. 1:20-cv-00057

Dear Judge Koeltl:

We represent the defendant, GRI American European LLC ("GRI"), in this action. Pursuant to Your Honor's Individual Practices 1.F and 2.B and Local Civil Rule 37.2, GRI submits this letter to request a pre-motion conference on GRI's anticipated motion to compel discovery from the plaintiff, PDK Commercial Photographers, LTD. ("PDK") and for sanctions. In particular, GRI seeks the Court's assistance in compelling PDK to produce a copy of a license agreement for the photograph at issue in this action, which is responsive to GRI's discovery requests and is crucial to issues of liability and damages.

PDK is a repeat litigant before this Court, with no less than five (5) cases filed. *See* Case Nos. 1:19-cv-9229 (DLC), 1:20-cv-55 (LJL), 1:20-cv-56 (NRB), and 1:20-cv-229 (GRB). The crux of its claim is identical in each case, i.e., that an image of the Hudson Yards in New York City, for which PDK has a copyright, has been infringed. Plaintiff's counsel, Richard Liebowitz, has obtained notoriety by numerous District Judges within the Southern District of New York. The Hon. Denise L. Cote, U.S.D.J. has referred to him as a copyright troll. *See McDermott v. Monday Monday, LLC*, No. 17-cv-9230 (DLC), 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018). Mr. Liebowitz has a long history of unreasonable litigation strategies designed to inflict unnecessary additional costs to defendants like GRI and to extort unreasonable settlements that are not based in fact or law.

On June 2, 2020, GRI served its first set of interrogatories, requests for admission and requests for documents on PDK. On July 17, 2020, PDK responded to GRI's discovery requests by providing canned objections and incomplete responses, without producing a single document. In its responses, PDK admitted that "Plaintiff licensed the Photograph to third-party company called Related." PDK also responded that it will produce all responsive documents in its possession relating to licensing agreements and licensing payments for the photograph at issue, as well as communications between PDK and Related relating to the photograph at issue.

On July 28, 2020, GRI's counsel contacted Mr. Liebowitz requesting that PDK produce a copy of the license agreement and communications with Related responsive to GRI's document requests. The parties' counsel had a telephonic meet and confer of July 31, 2020 on this issue and Mr. Liebowitz indicated that his client "will look for it." To date, GRI

has not received a copy of the license agreement between PDK and Related or any documents or communications relating thereto.

The license agreement is crucial to the issues in this case and is potentially dispositive of PDK's copyright infringement claims against GRI. As GRI's counsel informed Mr. Liebowitz from the outset of this case, GRI obtained the photograph at issue from the official Hudson Yards press image website, where it was available to the general public for a royalty-free license. *See* archived webpage from March 15, 2019 attached hereto as Exhibit A. There was no copyright or credit information identifying PDK or its d/b/a Bernstein Associates associated with the photograph. *See id.* Instead, the Hudson Yards website indicated that the photograph was provided as a courtesy of Related and thus, presumably was authorized/licensed by Related. Based on PDK's admission that it licensed the photograph to Related, GRI's use of the photograph was licensed and does not constitute infringement. The licensing history for the photograph at issue is also highly relevant to one of the key factors bearing on GRI's fair use defense – the impact of the alleged infringement on the market for PDK's work.

Furthermore, in its discovery responses, PDK has admitted that it is not entitled to statutory damages in this case. However, PDK has asserted that it is entitled to $5,000 in actual damages "based on *licensing fees* and Defendant's actual profits." The article posted on GRI's website that included the allegedly infringing photograph of Hudson Yards was purely a commentary on the Hudson Yards project. GRI derived no profit from use of the photograph at issue. Thus, the licensing agreement between PDK and Related for the photograph at issue is highly relevant to PDK's claim for damages and is likely dispositive of PDK's alleged damages award.

GRI's suspicion that the license with Related vitiates PDK's infringement claim and in no way supports its inflated damages demand is driven not only by refusal to produce documents, Mr. Liebowitz's proven conduct of failing to investigate the evidentiary basis of the complaints he files, as well as his stonewalling of GRI's requests, but also his misrepresentations of licensing value in similar actions in this and other districts. For example, in *Otto v. Hearst Communications, Inc.*, the court declined to award any attorneys' fees to the plaintiff noting that "Otto and [Mr. Liebowitz, his counsel,] consistently and undeniably asserted inflated [licensing] values for Otto's copyright" using "figures [that] were wholly unsupported by the evidentiary record". *See Otto v. Hearst Comm'ns, Inc.*, No. 17-CV-4712 (GHW), 2020 WL 377479, at *3 & n.1 (S.D.N.Y. Jan. 23, 2020). *See also Sands v. Bauer Media Grp. USA, LLC*, No. 17-CV-9215 (LAK), 2019 WL 6324866, at *1-3 (S.D.N.Y. Nov. 26, 2019) (imposing sanctions on Mr. Liebowitz for failure to disclose in discovery information relating to the licensing of plaintiff's allegedly infringing photos where plaintiff had knowledge of such information). In large part because of this persistent misconduct and improper litigation tactics by Mr. Liebowitz, a number of courts in this district now require Mr. Liebowitz to produce evidence of licensing very early on in the case before any discovery occurs and defendants are forced to spend substantial legal fees on unsubstantiated claims.

Thus, based on the overwhelming precedent, it is Mr. Liebowitz's obligation to provide a copy of previous licenses for the same photo, and to the extent he refuses to do so, he should be compelled by a court order to provide such disclosure or otherwise PDK's complaint should be dismissed and PDK and/or Mr. Liebowitz should be sanctioned.

GRI is available to participate in the pre-motion conference on any date convenient for the Court and appreciates the opportunity to discuss the motion to compel with the Court.

Respectfully submitted,

Tatyana Voloshchuk
tvoloshchuk@ssjr.com

c:    Counsel of record (via ECF)

# EXHIBIT A

